Wendy H. Schwartz (WS-1862)
Emily B. Kirsch (EB-4216)
**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax (212) 521-5450
Attorneys for Plaintiff
Ancile Securities Company Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANCILE SECURITIES COMPANY LIMITED,<br><br>Plaintiff,<br><br>SOLO VIVO INDUSTRIA E COMERCIO DE FERTILIZANTES LTDA,<br><br>Defendant. | ECF CASE<br><br>07 Civ. 11266 |

## VERIFIED COMPLAINT

Plaintiff Ancile Securities Company Limited ("Ancile"), by its attorneys, Reed Smith LLP, for its complaint against Defendant Solo Vivo Industria E Commercio De Fertilizantes Ltda ("Solo Vivo"), alleges as follows:

### JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## PARTIES

2.      At all material times, Plaintiff was and still is a foreign corporation duly organized and operating under the laws of the Cayman Islands.

3.      At all material times, Defendant Solo Vivo was and still is a foreign corporation duly organized and existing under the laws of the Federal Republic of Brazil.

## FACTUAL BACKGROUND

4.      On or about July 20, 2007, the parties entered into a pledge agreement (the "Pledge Agreement").

5.      The Pledge Agreement was entered in connection with and support of the obligations of a July 20, 2007 Credit Facility Agreement between the parties ("the Credit Facility Agreement").

6.      The Credit Facility Agreement provides for Ancile and its affiliate, Ancile Investment Company Limited ("Ancile Limited"), to make short term loans to Solo Vivo upon Solo Vivo's request and compliance with certain terms and conditions for the purpose of financing Solo Vivo's import and export of goods by ocean vessels.

7.      Various disputes have arisen between Ancile Limited and Solo Vivo regarding payments owed by Solo Vivo under the Credit Facility Agreement. These disputes are the subject of current litigation in Brazil, and are not the subject of this action.

8.      Under the terms of the Pledge Agreement, Solo Vivo pledged to Ancile, as security, all bills of lading (the "Bills of Lading") and other documents of title representing goods transported from time to time aboard any vessel by Solo Vivo.

9. Under the terms of the Pledge Agreement, Solo Vivo agreed to sign, execute and deliver to Ancile any transfers, deeds, or documents, representing goods transported from time to time aboard any vessel.

10. The Pledge Agreement is a valid and binding agreement and is subject to English Law.

11. Ancile has performed all of its obligations under the Pledge Agreement.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANT SOLO VIVO

12. Ancile incorporates herein the allegations of paragraph 1-11 of its complaint as if fully stated herein.

13. Under the Pledge Agreement, Defendant Solo Vivo was required to provide to Ancile, via endorsement to Ancile's authorized representative, the original endorsed counterparts of Bill of Lading No. 1P, issued on August 29, 2007, to give control to Ancile of two thousand metric tons (2,000 MT) of ammonium sulphate standard that Ancile had paid to purchase and ship aboard Maritime Vessel Alma I from Poland to Brazil ("Bill of Lading No. 1P").

14. Solo Vivo failed to provide Bill of Lading No. 1P to Ancile's authorized representative.

15. Under the Pledge Agreement, Defendant Solo Vivo was required to provide to Plaintiff, via endorsement to Ancile's authorized representative, the original endorsed counterparts of Bill of Lading No. 9P, issued on August 28, 2007, to give control to Ancile of one thousand metric tons (1000 MT) of ammonium sulphate granular that Ancile had paid to purchase and ship aboard Maritime Vessel Alma I from Poland to Brazil ("Bill of Lading No. 9P").

16. Solo Vivo failed to provide Bill of Lading No. 9P to Ancile's authorized representative.

17. Under the Pledge Agreement, Defendant Solo Vivo was required to provide to Plaintiff, via endorsement to Ancile's authorized representative, the original endorsed counterparts of Bill of Lading No. PGU-04, issued on August 20, 2007, to give control to Ancile of four thousand metric tons (4,000 MT) of monoammonium phosphate that Ancile had paid to purchase and ship aboard Maritime Vessel Abhazia from China to Brazil ("Bill of Lading No. PGU-04").

18. Solo Vivo failed to provide Bill of Lading No. PGU-04 to Ancile's authorized representative.

19. Under the Pledge Agreement, Defendant Solo Vivo was required to provide to Plaintiff, via endorsement to Ancile's authorized representative, the original endorsed counterparts of Bill of Lading No. 10, issued on August 20, 2007, to give control to Ancile of three thousand, eight hundred and twenty three point six metric tons (3,823.6 MT) of granular muriate of potash that Ancile had paid to purchase and ship aboard Maritime Vessel Calypso N from Russia to Brazil ("Bill of Lading No. PGU-10").

20. Solo Vivo failed to provide Bill of Lading No. PGU-10 to Ancile's authorized representative.

21. By virtue of its failure to provide Plaintiff with the original endorsed counterparts of Bills of Lading Nos. 1P, 9P, PGU-04 and 10, (collectively the "Bills of Lading") Solo Vivo breached the Pledge Agreement.

22. Ancile has been damaged due to the breach of the Pledge Agreement by virtue of Solo Vivo's failure to deliver the original endorsed counterparts of Bill of Lading No. 1P in

the amount of $380,000.00, the value of the two thousand metric tons (2,000 MT) of ammonium sulphate standand shipped aboard Maritime Vessel Alma I from Poland to Brazil and covered by Bill of Lading No. 1P.

23. Plaintiff has been damaged due to the breach of the Pledge Agreement by virtue of Defendant's failure to deliver the original endorsed counterparts of Bill of Lading No. 9P in the amount of $ 240.000.00, the value of the one thousand metric tons (1000 MT) of ammonium sulphate granular shipped aboard Maritime Vessel Alma I from Poland to Brazil and covered by Bill of Lading No. 9P.

24. Plaintiff has been damaged due to the breach of the Pledge Agreement by virtue of Defendant's failure to deliver the original endorsed counterparts of Bill of Lading No. PGU-04 in the amount of $1,483,274.00, the value of the four thousand metric tons (4,000 MT) of monoammonium phosphate shipped aboard Maritime Vessel Abkhazia and covered by Bill of Lading No. PGU-04.

25. Plaintiff has been damaged due to the breach of the Pledge Agreement by virtue of Defendant's failure to deliver the original endorsed counterparts of Bill of Lading No. 10 in the amount of $1,618,685.25, the value of three thousand, eight hundred and twenty three point six metric tons (3,823.6 MT) of granular muriate of potash shipped aboard Maritime Vessel Calypso N from Russia to Brazil and covered by Bill of Lading No. 10.

26. Plaintiff has been damaged in the amount of $385,498.17, attributable to interest and expenses incurred connection with Solo Vivo's failure to provide the above-referenced bills of lading.

27. Plaintiff anticipates expending attorneys' fees and expenses in connection with its efforts to enforce the obligations of Solo Vivo under the Pledge Agreement.

28.  The Pledge Agreement requires that Solo Vivo indemnify Ancile against all losses and expenses, including expenses incurred in connection with the Pledge Agreement and any breach thereof.

29.  As a result of the foresaid breaches of obligations under the Pledge Agreement, Plaintiff now estimates that is has been or will soon be damaged in the following amounts:

| | | |
|---|---|---|
| a. Failure to tender Bill of Lading No. 1P | - | $ 380,000.00 |
| b. Failure to tender Bill of Lading No. 9P | - | $ 240,000.00 |
| c. Failure to tender Bill of Lading No. PGU-04 | - | $1,483,274.00 |
| d. Failure to tender Bill of Lading No. 10 | - | $1,618,685.25 |
| e. Interest and costs | - | $ 385,498.17 |
| f. Legal fees to bring this action | - | $ 500,000.00 |
| Total present and anticipated damages: | - | $4,607,457.42 |

30.  Upon information and belief, and after investigation, Defendant Solo Vivo cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant Solo Vivo has, or shortly will have, assets within this District comprising of, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire , of, belonging to, due to or for the benefit of Solo Vivo (hereinafter "ASSETS"), including but not limited to ASSETS moving through banking institutions including but not limited to The Bank of New York, and/or Citibank N.A., and/or HSBC Bank USA, N.A., and/or JPMorganChase, and/or UBS AG, and/or Bank of America, N.A., and/or Standard Chartered Bank, and/or Northern Trust Corporation, and/or American Express Bank, and/or Credit Suisse First Boston, and/or

6

Macquarie Bank Ltd., and/or Nordea Bank Denmark, and/or Belfolaise Bank, and/or Australia and New Zealand Banking Group Limited, and/or Nordea Bank Finland Plc, and/or Fortis Financial Services LLC, and/or Fortis (USA) Financial LLC, and/or Macquarie Corp. Finance USA Inc., and/or Macquarie Equities USA Inc., and/or Macquarie Holdings USA Inc. and/or ANZ (Delaware) Inc., and/or Calyon Corporate and Investment Bank, and/or Bank of China, and/or Deutsche Bank, and/or Danske Bank, and/or Barclays Bank, and/or Bangue Cantonale de Geneva, and/or BNP Paribas, and or Commerce Bank.

31.   Based upon the foregoing, therefore, the total sum of ASSETS of Defendant Solo Vivo sought to be attached in this action is $4,607,457.42.

WHEREFORE, Plaintiff prays:

A.   That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against Solo Vivo, citing it to appear and answer under oath all and singular matters alleged.

B.   That because Solo Vivo cannot be found within this District pursuant to Rule B of the Supplemental Rules of Civil Procedure, this Court issue an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules of Civil Procedure, attaching all claims, assets, cash, funds credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire , of, belonging to, due to, claimed by, being held for or on behalf of, or being transferred for the benefit of Defendant, including such assets as may be in the possession, custody or control of, or being transferred through any garnishee within this District, including, without limitation, assets held by or at The Bank of New York, and/or Citibank N.A., and/or HSBC Bank USA, N.A., and/or JPMorganChase, and/or UBS AG,

and/or Bank of America, N.A., and/or Standard Chartered Bank, and/or Northern Trust Corporation, and/or American Express Bank, and/or Credit Suisse First Boston, and/or Macquarie Bank Ltd., and/or Nordea Bank Denmark, and/or Belfolaise Bank, and/or Australia and New Zealand Banking Group Limited, and/or Nordea Bank Finland Plc, and/or Fortis Financial Services LLC, and/or Fortis (USA) Financial LLC, and/or Macquarie Corp. Finance USA Inc., and/or Macquarie Equities USA Inc., and/or Macquarie Holdings USA Inc. and/or ANZ (Delaware) Inc., and/or Calyon Corporate and Investment Bank, and/or Bank of China, and/or Deutsche Bank, and/or Danske Bank, and/or Barclays Bank, and/or Bangue Cantonale de Geneva, and/or BNP Paribas, and or Commerce Bank up to and including the amount of $4,607,457.42 to secure Plaintiff's claims including interest and costs, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged;

    C.    That Plaintiff may have judgment for its claims as aforesaid in the amount of $4,607,457.42;

    D.    That in the event the Writ of Attachment issued herein restrains the property of Solo Vivo found within this District and

        i)    notice has been properly served upon the Defendant in the manner required by Rule B(2) of the F.R.C.P. Supplemental Rules for Admiralty and Maritime Claims and Rule B(2) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York; and

        ii)    the Solo Vivo fails to appear before the Court; and

        iii)    upon application by Ancile,

default judgment be granted to Ancile in the amount of provable damages limited to the extent of property subjected to the process of maritime attachment;

E. That Ancile be awarded attorneys fees and cost associated with this action; and

F. That Ancile be awarded such other, further and different relief as the Court deems just and proper.


Dated: New York, New York
       December 13, 2007

**REED SMITH LLP**

By: _____
Wendy H. Schwartz (WS-1862)
Emily B. Kirsch (EB 4216)
599 Lexington Avenue
New York, NY 10022-7650
Telephone: 212.521.5400
Facsimile: 212.521.5450
Attorneys for Plaintiff,
Ancile Securities Company Limited

## VERIFICATION

STATE OF NEW YORK    )
                                          ) ss:
COUNTY OF NEW YORK   )

Wendy H. Schwartz verifies the following:

1. I am a partner of the firm of Reed Smith LLP, counsel for Plaintiff herein, and make the following Verification pursuant to the Federal Rules of Civil Procedure, Supplemental Rule B, 28 U.S.C. §1746, and the Local Rules for the United States District Courts for the Southern District of New York. I have read the foregoing Verified Complaint, know the contents thereof, and believe the same are true to the best of my information and belief which is based upon an examination of documents provided by Plaintiff herein.

2. The reason this Verified Complaint is made by the undersigned rather than by Plaintiff is that Plaintiff is a foreign corporation none of whose officers or directors are within the District.

3. Deponent is authorized to make this Verification on behalf of Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
December 13, 2007

_____
Wendy H. Schwartz (WHS-1862)
599 Lexington Avenue
New York, NY 10022-7650
Telephone: 212.521.5400
Facsimile: 212.521.5450